**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LARRY FUNK** **PLAINTIFF**

**v.** **No. 4:26-cv-58-DPM**

**U.S. POSTAL SERVICE, Searcy** **DEFENDANT**

**ORDER**

Larry Funk is blind in one eye. He went to his local Post Office in Searcy and made an oral Freedom of Information Act request. The postal worker wrote down his request. When Funk returned several weeks later to get the responsive information, the postal worker told him that he had to make his request in writing. Funk asked for an accommodation, given his partial blindness. It was refused. He has sued. The United States Postal Service moves to dismiss, saying Funk didn't exhaust his administrative remedies because he didn't make his request in writing, as the regulations require. 39 C.F.R. § 265.3(b). Funk has responded by filing a zip drive with videos he made of both encounters. The Court hasn't considered them because the motion challenges the adequacy of Funk's *pro se* complaint.

The Postal Service's motion to dismiss for lack of exhaustion is denied without prejudice. Courts divide on whether exhaustion in similar circumstances is jurisdictional or prudential. *Compare, e.g., Lilienthal v. Parks*, 574 F. Supp. 14, 16–17 (E.D. Ark. 1983), *with Corbett v.*

*Transportation Security Administration*, 116 F.4th 1024, 1031 (9th Cir. 2024). This Court's preliminary thought is that exhaustion is prudential. Accepting the facts Funk alleges as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the postal worker helped him and put Funk's oral request in writing. But the Postal Service then failed to respond in writing, informing Funk of its decision, and notifying him of his administrative review rights. 39 C.F.R. §§ 265.3(b) & 265.6(c)(4) & (5). In these circumstances, where it appears that the Postal Service assisted a patron in putting an FOIA request in writing, then changed its tune and pretermitted any administrative appeal by not informing the patron of his appeal rights, the Court declines to hold that the patron has no ripe civil action.

*

Motion, *Doc. 7*, denied without prejudice.

So Ordered.

D.P. Marshall Jr.
United States District Judge

29 July 2026